MICHAEL J. AND MORNA R. SCHWARTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwartz v. Commissioner
Docket No. 9278-76.
United States Tax Court
T.C. Memo 1980-212; 1980 Tax Ct. Memo LEXIS 373; 40 T.C.M. (CCH) 497; T.C.M. (RIA) 80212; June 23, 1980, Filed *373 Held, payment of petitioner's Federal income tax liabilities by two corporations of which petitioner was a stockholder constituted a constructive dividend to petitioner. Benjamin Alpert, Myles J. Sachs, and Gerald W. Keil, for the petitioners. Michael A. Mayhall, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge *374 : Respondent determined a deficiency of $23,811.46 in petitioners' 1966 Federal income taxes. After petitioners' concessions, the sole issue is whether payments made by two corporations partially discharging Federal income tax liabilities of Morna R. Schwartz for prior years are taxable to her as constructive dividends. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Michael J. and Morna R. Schwartz, husband and wife, resided in New York, New York, when they filed their petition in this case. They filed their 1966 joint Federal income tax return with the District Director of Internal Revenue, New York, New York, reporting on the cash method of accounting. Morna R. Schwartz (hereinafter petitioner) was married to Joseph H. Renfield (hereinafter Joseph) until his death in December 1958.Prior to his death, Joseph was an officer and employee of two corporations, Renfield Importers, Ltd. (hereinafter Importers) and Joseph H. Reinfeld, Inc. (hereinafter Reinfeld). Following the death of her husband, petitioner received a widow's pension during the years 1959, 1960 and 1961 from Importers in the respective amounts of $46,662.48, $36,000.00 and $12,000.00, *375 and from Reinfeld in the respective amounts of $13,482.88, $12,000.00 and $4,000.00 during the years 1959, 1960 and 1961. For Federal income tax purposes, Importers and Reinfeld treated those payments as deductible expenses in the years paid, while petitioner considered them nontaxable gifts to her. The Internal Revenue Service audited the 1959, 1960 and 1961 income tax returns of petitioner and the two corporations, but subsequently placed those returns in "suspense" in accordance with Manual Supplement 42G-61 (May 4, 1961). No further action was taken until 1966. In 1966, Albert Krupnick (hereinafter Krupnick), a group supervisor with the Internal Revenue Service notified Importers and Reinfeld, through their representative Saul A. Cohn (hereinafter Cohn) that the returns had been removed from "suspense" status and were again being examined with respect to the widow's pension payments. Upon further review, respondent's field examiner Barrella determined that the payments were properly deductible by the corporations and were taxable as compensation to petitioner. Krupnick agreed with Barrella's conclusion, but to protect the interests of the government, he told Cohn that *376 he would only allow the deductions if petitioner entered into a closing agreement with respondent conceding that the payments were taxable. Absent such an agreement, Krupnick would disallow the corporate deductions and also include the payments in petitioner's income. Acting on that information, Importers and Reinfeld authorized Cohn to negotiate with petitioner and offer to pay part of the resulting tax liability if she would agree to include the widow's pension in her income. Both corporations were willing to make such payments as they did not want to litigate the issue and run the risk of possibly losing their deductions. Moreover, they wanted to resolve the questions as expeditiously as possible since any further delay was detrimental from a credit standpoint. After extensive negotiations, an agreement was reached in June 1966, under which petitioner consented to include the payments in income with the corporation agreeing to pay 50 percent of the deficiency and interest plus $10,000. On December 4, 1966, petitioner executed a closing agreement under section 7121 [1] agreeing that the widow's pension payments were includable in her gross income. The closing agreement recited *377 that the payments were made to petitioner in recognition of past services rendered by Joseph. Petitioner also executed a Form 870, consenting to the assessment and collection of taxes owing. By signing the closing agreement and Form 870, petitioner became indebted to the United States of America for $61,111.96 in Federal income taxes and interest. As a result of petitioner's actions, respondent allowed the corporations to deduct the widow's pension on the 1959, 1960 and 1961 income tax returns. Pursuant to their agreement with petitioner, Importers and Reinfeld paid to the Internal Revenue Service in 1966 $30,822.50 and $9,733.43, respectively, in partial satisfaction of the outstanding Federal income tax assessment against petitioner resulting from the inclusion of the widow's pension payments in her gross income for the years 1959, 1960 and 1961. Importers and Reinfeld had undistributed earnings and profits during 1966 in excess of $40,555.93. During 1966, petitioner owned 307 shares of non-voting common stock of Importers and 90 shares of non-voting preferred stock of Reinfeld. She was *378 also a life beneficiary of a trust which owned 5,142 shares of non-voting common stock of Importers, 40 shares of non-voting preferred stock of Reinfeld, and 4,200 shares of Reinfeld voting common stock. In his notice of deficiency, respondent determined that the Federal income tax payments made by Importers and Reinfeld on behalf of petitioner were taxable to her as constructive dividends. OPINION We must decide whether the payments made by Importers and Reinfeld in 1966 pursuant to an agreement between those corporations and petitioner, which partially discharged petitioner's Federal income tax liabilities, are taxable to her as constructive dividends. Petitioner contends that since Importers and Reinfeld entered into that agreement and made those payments solely for their own benefit with only incidental benefits accruing to her, no constructive dividend resulted. We disagree. It is well settled that if a corporation pays an obligation of its shareholder or makes a payment for his benefit, the payment made constitutes a taxable dividend to that shareholder to the extent of available earnings and profits. ; *379 , affd. , cert. denied . The fact that the formalities of a dividend are lacking, that the distribution is not recorded on the corporate books as such, that it is not pro rata or that some of the stockholders do not participate in its benefits is of no consequence. , affg. a Memorandum Opinion of this Court; . In the instant case, petitioner executed a closing agreement with respondent on December 4, 1966, which agreement finally and conclusively determined that the widow's pension was includable in her gross income for 1959 through 1961. See section 7121(b). She also executed a Form 870 waiving the usual restrictions provided in section 6213(a) on the assessment and collection of the taxes owing. See section 6213(d). As a result of these actions, petitioner became indebted to the United States for the full amount of that deficiency. When Importers and Reinfeld paid $40,555.93 to the Internal Revenue *380 Service partially discharging that debt, petitioner clearly received the direct and substantial economic benefit of having her tax liabilities reduced by that amount. See The effect of the transaction was the same as if the corporation had paid a dividend to petitioner and she transferred the distributed funds to the government in complete satisfaction of her tax liability. See Petitioner argues, however, that by making these payments the corporations were discharging their shares of the deficiency. We cannot agree. Importers and Reinfeld were not parties to the closing agreement and there is no evidence in the record of any direct liability on their part to pay the tax. Compare , revg. . Although Krupnick conditioned his allowance of the deductions upon obtaining a closing agreement from petitioner, it is clear that he did so only to protect the government from being whipsawed by the parties. Since Krupnick had previously agreed with Barrella's determination that the payments *381 were properly deductible, petitioner's reliance upon Krupnick's settlement position as proof of the corporation's independent liability for the tax is simply without merit. Moreover, while we agree with petitioner the Importers and Reinfeld benefited from the agreement by receiving their deductions without resorting to litigation, the controlling fact remains that they gratuitiously paid the foregoing amounts to the Internal Revenue Service in partial satisfaction of petitioner's indebtedness. See ; cf. . Accordingly, we hold that those payments constitute taxable dividends constructively received by petitioner in 1966. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩